## VOLUME 143

## CASES ARGUED AND DECIDED IN THE SUPREME COURT OF LOUISIANA

AT TERM BEGINNING FIRST MONDAY OF OCTOBER, 1917
AND
AT TERM BEGINNING FIRST MONDAY OF OCTOBER, 1918

---

(78 South. 130)

No. 22739.

In re RECEIVERSHIP OF COTTON QUEEN OIL CO.

INTERVENTION AND OPPOSITION OF GRIGSBY et al.

(Feb. 25, 1918.)

*(Syllabus by the Court.)*

COURTS ☞475(5)—RECEIVERS—JURISDICTION OF COURT.

With regard to their claims against a corporation whose affairs are being settled in a receivership proceeding, nonresident as well as resident stockholders and creditors of the corporation are within the jurisdiction of the court that appointed the receiver.

Appeal from First Judicial District Court, Parish of Caddo; J. R. Land, Judge.

Suit by J. H. Eastham and others against the Cotton Queen Oil Company, in which James G. Palmer was appointed receiver, and wherein W. E. Grigsby and others filed a petition in intervention and opposition. Exception to the jurisdiction of the petition in intervention sustained, and the intervention dismissed, and interveners appeal. Judgment annulled, and case remanded for final disposition.

Hall & Bullock, of Shreveport, for appellants W. E. Grigsby and others. Alexander & Wilkinson, of Shreveport, for appellee Charles R. Porter.

O'NIELL, J. The appellants, residing in New York, filed a petition of intervention and opposition in receivership proceedings in the district court of the parish of Caddo. They alleged that they were the owners, and set forth the nature of their title, of two-fifths interest in certain shares of capital stock of the corporation, to the amount of $48,500; that the stock was claimed by a nonresident of Louisiana, named Charles R. Porter, whose residence was not known by petitioners; and that the stock certificates were in the custody of Porter's attorneys (named in the petition), in Shreveport, La.

They alleged that the shares of stock were delivered to Porter under an agreement that he would collect the distributive dividends from the receiver and pay two-fifths of the amount to the interveners, but that Porter had collected from the receiver the first dividend of 10 per cent., $4,850, and had retained all of it. They prayed for the appointment of a curator ad hoc to represent Porter; for service of citation upon the curator and the receiver; that the receiver be ordered to pay them two-fifths of all distributive dividends declared on the $48,500 of capital stock; and that they be permitted to take from the second dividend what they were entitled to receive from the first and second.

One of the attorneys (alleged to have possession of the stock certificates) for Porter was appointed to represent him as curator ad hoc. He and the receiver pleaded that the court was without jurisdiction of the cause set forth in the petition of intervention. The plea was maintained and the intervention dismissed.

The district judge was of the opinion that the case was not an exception to the general rule that a personal action must be brought at the domicile of the defendant. He held that, as the absentee, Charles R. Porter, was the only defendant having an interest in the case, and as the capital stock in contest was not in the custody or within the jurisdiction of the court, notwithstanding the stock certificates were in the custody of Porter's attorneys in the parish, no judgment could be rendered declaring the interveners to be part owners of the stock.

Although the shares of stock, represented by the stock certificates, are not in the custody of the court, the fund in contest is in the custody of the court. The appointment of a receiver to take charge of the property and effects of a corporation is a judicial sequestration of the property. Article 126 of the Code of Practice provides that, when there is a conflict of claims on property under seizure, whether by mesne or final process, all of the suits and claims upon the property shall be brought in the court having custody of it.

Other appropriate provisions of the Code of Practice are those relating to petitions of intervention and opposition. Article 393 provides that petitions of intervention should be addressed to the court in which the principal demand is pending; and article 397 declares that an opposition, whereby the opponent claims either the ownership of or a lien upon property that has been seized at the instance of another, must be made before the court that ordered the seizure.

In matters of failure of a debtor, or insolvency proceedings, all claims upon the property of the insolvent debtor must be brought before the court that has adjudged him insolvent. C. P. 165. We assume, from the averment that the receiver is paying distributive, liquidating dividends to the shareholders, and is thus winding up the affairs of the corporation, that the cause that gave rise to the appointment of the receiver was that the corporation was insolvent. Such a receivership is an insolvency proceeding, within the meaning of article 165 of the Code of Practice. C. T. Patterson Co. v. Port Barre Lumber Co., 136 La. 60, 66 South. 418. All claims on the property of the corporation should be asserted in the receivership proceedings.

The interveners are not asking for a personal judgment that would be exigible or collectible by seizure of any property of Charles R. Porter. They are asking only for a share of a fund in the custody of the court. If Charles R. Porter is to be considered already the owner of the share of the fund that is claimed by the interveners, he could be brought into court, quo ad the fund, by substituted process and seizure of the fund under a writ of attachment. C. P. art.

240, par. 4; Id. arts. 254, 260. There was no occasion for an attachment in this case, because the property or fund in contest was already in the custody of the court.

Having received one dividend from the receiver, and being in court claiming the right to receive further dividends from the fund to be distributed, Charles R. Porter must be in court to defend suits that conflict with his claim on the fund to be distributed.

If the general rule, that a suit must be brought in the court of the domicile of the defendant, should be applied to a proceeding like this, it would apply as well to the stockholders and creditors residing in the state, outside of the territorial jurisdiction of the court in which the receivership proceedings are conducted, as to stockholders or creditors residing in another state.

The doctrine of the leading case on the subject (Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565) does not conflict with the proposition that, with regard to their claims against a corporation whose affairs are being settled in a receivership proceeding, nonresident as well as resident stockholders and creditors of the corporation are within the jurisdiction of the court that appointed the receiver. The doctrine of the decision referred to is that, if the object of an action is to determine the personal rights and obligations of the defendant, that is, if the suit is merely in personam, constructive service of citation upon a nonresident is ineffectual. But the court then recognized and declared that substituted service, by publication or in any other authorized form, is sufficient to inform parties of the object of proceedings taken against property already brought under the control of the court by seizure or equivalent process; and that the law assumes that property is always in the possession of its owner, in person or by agent, and proceeds upon the theory that its seizure will inform him that it is taken into the custody of the court, and

that he must look to any proceedings authorized by law upon such seizure for its condemnation and sale.

Our conclusion is that the court in which the receivership proceedings are pending has jurisdiction of the complaint set forth in the petition of intervention and opposition of the appellants.

The judgment appealed from is annulled, and the case is remanded to the district court for final disposition.